# UNITED STATES DISTRICT COURT
Eastern District of Michigan

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Organizational Defendants) |
| v. | |
| | Case Number: 0645 2:24CR20552 |
| **TRIBAR TECHNOLOGIES, INC.** | Madelaine C. Lane & Kurt A. Kissling |
| | Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

| ☒ | pleaded guilty to count(s) | **1 of the Information** |
|---|---|---|
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The organizational defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| Discharge in Violation of the Clean Water Act (33 U.S.C. §§ 1317(d), 1319(c)(1)(A)) | 07/29/2022 | 1 |

The defendant organization is sentenced as provided in pages two through five of this judgment.

☐  The defendant organization has been found not guilty on count(s)

☐  Count(s) ☐ is   ☐ are dismissed on the motion of the United States

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: 83-2954108

**April 29, 2025**
Date of Imposition of Judgment

Defendant Organization's Principal Business Address:
48668 Alpha Dr
Wixom, MI 48393

s/Nancy G. Edmunds
Signature of Judge

**Nancy G. Edmunds**
**United States District Court Judge**
Title of Judge

Defendant Organization's Mailing Address:
48668 Alpha Dr
Wixom, MI 48393

**April 30, 2025**
Date

AO 245E (Rev. MIE 06/16) Judgment in a Criminal Case for Organizational Defendants
Judgment -- Page 2 of 5

DEFENDANT: Tribar Technologies Inc.
CASE NUMBER: 0645 2:24CR20552 (1)

# PROBATION

The defendant organization is hereby sentenced to probation for a term of:

5 years.

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;
2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;
4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;
5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;
6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and
7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

DEFENDANT: Tribar Technologies Inc.
CASE NUMBER: 0645 2:24CR20552 (1)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant organization shall not commit any further violation. The defendant agrees that it shall commit no further significant violations, which have not been remedied to the maximum extent possible within ten days of the defendant being notified of the violation. The term "further significant violations" does not include (1) violations where the underlying act or omission occurred prior to this plea agreement; and (2) the following known compliance issues already being addressed with other agencies (a) the defendant's alleged wastewater noncompliance for phosphorous being addressed with the WIXOM POTW or (b) defendant's alleged air and water violation in the anticipated civil settlements being negotiated with the states of Michigan department of attorney general and department of environment, great lakes and energy.

2. Within the first six months of probation, consistent with the sentencing policies set for in USSG §8D1.4, the defendant agrees to develop, adopt, implement and fund an environmental management system/compliance plan (EMS). The EMS shall include an annual program at all Tribar facilities to train all employees on environmental compliance and ethics. The defendant shall be responsible for all costs associated with the development, implementation, maintenance, and monitoring of the EMS. If the defendant changes its name or merges with another company, the renamed or newly created/merged company shall be obliged to meet all of the obligations of the defendant.

3. During the term of probation. The defendant shall notify the probation office of any corporate name change or any other change in corporate structure or governance that would materially affect this agreement or sentence imposed within 30 days of such change. No change in name, business reorganization, merger, change of legal status, or similar action or event shall alter defendant's responsibilities under this agreement. Defendant agrees that it shall not knowingly engage in any action to seek to avoid the obligations and conditions set for in this agreement.

AO 245E (Rev. MIE 06/16) Judgment in a Criminal Case for Organizational Defendants  
Judgment -- Page 4 of 5

DEFENDANT: Tribar Technologies Inc.  
CASE NUMBER: 0645 2:24CR20552 (1)

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the total criminal monetary penalties under the schedule of payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $125 | $200,000 | $20,000 |

☐ The determination of restitution is deferred until after such determination. An *Amended Judgment in a Criminal Case (AO245C)* will be entered

☒ The defendant organization must make restitution (including community restitution) to the following payees in the amount listed below.

| **Victim** | **Amount** |
|---|---|
| City of Ann Arbor | $20,000 |

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant organization shall pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Tribar Technologies Inc.
CASE NUMBER: 0645 2:24CR20552 (1)

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $220,125 (fine, restitution, and special assessment) due immediately, balance of fine due

☐ not later than _____, or

☒ in accordance with ☐ C or ☒ D below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C or ☐ D below); or

**C** ☐ Payment in _____ *(e.g., equal, weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☒ Special instructions regarding the payment of criminal monetary penalties:

Payment of the fine shall be paid to the Clerk of the Court, and shall be paid as follows:

- $100,000 within 30 days of entry of the judgement.
- $100,000 within 12 months of the first payment.

All criminal penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.